IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ALVARO ARIAS DEL CID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-02154 (AJT-LRV) |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Alvaro Arias Del Cid's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody that began on July 16, 2026 on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA") implementing regulations, his constitutional due process rights, and the *Accardi* doctrine. Respondents filed an Opposition to the Petition [Doc. No. 4], to which Petitioner filed a Reply. [Doc. No. 5]. Upon consideration of the entire record in this action, and for the reasons stated below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a citizen of El Salvador. [Petition] ¶ 34. Petitioner first entered the U.S. in February, 2016 when he applied for admission at the Calexico West Port of Entry. [Doc. No. 4-1] ¶ 6. U.S. Citizenship and Immigration Services ("USCIS") began processing him for expedited removal, but then placed Petitioner in ordinary removal proceedings after he claimed fear of returning to El Salvador which was found to be credible. *Id.* ¶¶ 7-8. Partway through the somewhat convoluted course of his removal proceedings, Petitioner on August 18, 2021 was released from Respondents' custody on an Order of Supervision ("OSUP"). *Id.* ¶ 21. On January 17, 2024, an

Immigration Judge ordered Petitioner removed to El Salvador, but granted his application for withholding of removal to that country under the Convention Against Torture ("CAT"). *Id.* ¶ 35. Petitioner complied with all terms of supervision imposed by USCIS from the time of that order until his re-detention. *Id.* ¶ 36. On or about July 16, 2026, Petitioner appeared for a scheduled check-in pursuant to those terms at an Immigrations and Customs Enforcement ("ICE") office and was arrested. *Id.* ¶ 37. He remains detained at the Farmville Detention Center. *Id.* ¶ 38.

Respondents claim the Petition should be denied because, *inter alia*, with respect to Petitioner's *Accardi* claim, their revocation of Petitioner's OSUP comported with the governing regulations, chiefly 8 C.F.R. § 241(l)(2). [Opp.] at 17–19. However, as they recognize, this regulation permits such a revocation to be performed only by the Executive Associate Director ("EAD") of ICE's Enforcement and Removal Operations division, or by a Field Office Director ("FOD")[1] who expressly finds that revocation is in the public interest and referral to the EAD is not feasible. *Id.* The July 16, 2026 Notice of Revocation, attached to Respondents' Opposition, was not signed by either such official, but rather by an *Assistant* Field Office Director. See [Doc. No. 4-5] at 2. This defect was one of multiple independent bases for this Court's granting the petitioners' claims for *Accardi* relief in *Gittens v. Crawford*, No. 1:25-cv-02408-AJT-IDD (E.D. Va. Feb. 25, 2026) and other cases.[2]

In light of the foregoing, the Court determines, as it did in *Gittens*, that Petitioner's OSUP was revoked, *inter alia*, by an official not authorized to do so, in violation of the *Accardi*

[1] Both of these titles have changed since Section 241 was promulgated; the precursor to the EAD identified in that section was the Executive Associate Commissioner, and the precursor to an FOD was a District Director.

[2] To the extent Respondents contend that the revocation of an OSUP should be evaluated under *Accardi* according to a totality of circumstances, that is incorrect. As they themselves acknowledge ([Opp.] at 17), the requirements for vacatur under that doctrine are "(1) a violation (2) of a regulation intended for the alien's benefit (3) that causes prejudice to the alien." *Yanez-Marquez v. Lynch,* 789 F.3d 434, 474 (4th Cir. 2015) (*quoting United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999)) (internal quotations omitted). Here, it is clear that each of those requirements was satisfied.

doctrine and his fifth amendment right of procedural due process. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954). His continued detention is therefore unlawful, and the Court has jurisdiction under 28 U.S.C. § 2241 to order his release.

For all the above reasons, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents' revocation of Petitioner's August 18, 2021 OSUP is **VACATED**, and Respondents shall release Petitioner from detention immediately with all his personal possessions and restore him to his prior OSUP; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining the Petitioner based on a revocation of his Order of Supervision without first complying in all respects with the applicable regulations concerning the revocation of his Order of Supervision, as identified herein, including stating in the Notice the specific factual basis for any claim of "change in circumstances," and if the stated change in circumstances relates to a significant likelihood of removal in the reasonably foreseeable future, the factual basis for that claimed change, including what efforts have been made to locate a country for removal, the name of the country to which Petitioner will be removed and the authorizations received from that country for that removal.

All other claims and forms of relief requested in the Petition are denied without prejudice.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Anthony J. Trenga
Senior U.S. District Judge

August 6, 2026
Alexandria, Virginia